IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> DATA MANAGMENT GROUP of VIRGINIA, INC.; DMG 401k PLAN; DATA MANAGEMENT GROUP of VIRGINIA DENTAL PLAN; and KEITH BOYER <br><br><br> Defendants. | Civil Action No.   4:20-cv-165 |

# COMPLAINT

Eugene Scalia, Secretary of Labor (the "Secretary"), hereby alleges:

## Jurisdiction and Venue

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, et seq., and is brought to obtain relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. DMG 401k Plan ("the 401(k) Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is, therefore, subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

4. Data Management Group of Virginia Dental Plan ("the Dental Plan") is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is, therefore, subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a).

5. Data Management Group of Virginia, Inc. ("DMG"), a Delaware corporation with its principal place of business in Newport News, VA, is the Sponsor of the 401k Plan and the Dental Plan, as well as the Administrator of the 401(k) Plan.

6. For purposes of this Complaint, the relevant period is defined as January 1, 2002 to date.

7. Venue with respect to this action lies in the Eastern District of Virginia, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## The Parties

8. The Secretary, pursuant to Sections 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

9. DMG is the Sponsor of the 401(k) Plan and the Dental Plan, as well as the Administrator of the 401(k) Plan. At all relevant times, DMG has exercised discretionary authority or discretionary control respecting management of the 401(k) Plan and the Dental Plan (collectively, "the Plans"), and has discretionary authority or discretionary responsibility in the

2

administration of the Plans. DMG is therefore a fiduciary of the Plans within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14)(A) and (C) of ERISA, 29 U.S.C. §§ 1002(14)(A) and (C).

10. At all relevant times, Keith Boyer ("Boyer") was the sole owner and President of DMG. At all relevant times, Boyer exercised discretionary authority or discretionary control respecting management of the Plans, and has discretionary authority or discretionary responsibility in the administration of the Plans. Boyer is therefore a fiduciary of the Plans within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and a party-in-interest as that term is defined in Sections 3(14) (A), (C), and (E) of ERISA, 29 U.S.C. §§ 1002(14) (A), (C), and (E).

11. The Plans are joined as party defendants pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## General Allegations

The 401(k) Plan

12. On or about January 1, 2002, DMG established the 401(k) Plan to provide benefits to its employees in the event of retirement, death or disability, and upon termination of employment.

13. In his capacity as owner of DMG and a fiduciary of the 401(k) Plan, Boyer failed to ensure that employee contributions which were withheld from their paychecks were forwarded to the 401(k) Plan during the years of 2017 and 2018. These employee contributions were never remitted to the 401(k) Plan, instead they remained in DMG's operating account.

14. Unremitted employee contributions are assets of the 401(k) Plan within the meaning of ERISA. Boyer and DMG failed to segregate the 401(k) Plan assets from the general

assets of DMG and failed to ensure that the withheld employee contributions were remitted to the 401(k) Plan.

15. Employee contributions withheld from the employees' paychecks but not forwarded to the 401(k) Plan total at least $8,559.97. Interest owed on the unremitted contributions is at least $994.75. The total owed to the 401(k) Plan is at least $9,554.72.

16. In or about July of 2020, DMG ceased operations. DMG and Boyer have not taken fiduciary responsibility for the operation and administration of the 401(k) Plan and its assets, nor have they appointed anyone to assume said responsibility.

17. Under the terms of the 401(k) Plan, plan participants are entitled to all distributions upon the termination of their employment or termination of the 401(k) Plan.

18. Plan participants were terminated from the company on or about July of 2020 when DMG ceased operating, but those participants have not been able to obtain a distribution from the 401(k) Plan because fiduciaries DMG and Boyer have not initiated termination of the 401(k) Plan or distribution of its assets.

19. As of July 21, 2020, the 401(k) Plan had twenty (20) participants and $473,730.80 in plan assets.

20. Since at least September of 2019, Boyer and DMG have not fulfilled their obligations as a fiduciaries to approve required distribution paperwork and process distribution requests made by participants.

21. In plan years 2017 and 2018, Boyer and DMG did not file an annual report for the 401(k) Plan with the Secretary of Labor.

The Dental Plan

22. On or about May 1, 2018, DMG established the Dental Plan to provide insured dental care benefits to its employees.

23. The Dental Plan was fully insured by Anthem Health Plans of Virginia, Inc. DMG paid the premiums for the Dental Plan with amounts withheld from the employees' paychecks.

24. In his capacity as owner of DMG and a fiduciary of the Dental Plan, Boyer failed to ensure that premiums that DMG withheld from employee paychecks were forwarded to the Dental Plan during the period of February 2019 through at least December 2019. These withheld premiums were never remitted to the Dental Plan, instead they remained in DMG's operating account.

25. Unremitted employee premiums are assets of the Dental Plan within the meaning of ERISA. Boyer and DMG failed to segregate the Dental Plan assets from the general assets of DMG and failed to ensure that the premiums withheld from employee paychecks were remitted to the Dental Plan.

26. Funds withheld from the employees' paychecks but not forwarded to the Dental Plan total at least $1,129.48.

27. Because the premiums were unpaid, Anthem Health Plans of Virginia, Inc. terminated the Dental Plan insurance as of February 1, 2019. Nonetheless, Boyer and DMG continued to deduct Dental Plan premium contributions from employee pay until at least December of 2019.

28. Boyer and DMG never notified employees that the Dental Plan premiums were not being remitted to Anthem Health Plans of Virginia, Inc. or that the Dental Plan had been cancelled.

29. As a result of Boyer and DMG's failures, employees incurred unpaid dental claims of at least $2,807.50.

## **Violations**

30. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-29, inclusive.

31. By the actions and conduct described above, defendants Boyer and DMG, as fiduciaries of the Plans,

   a. failed to hold all assets of the 401(k) Plan in trust in violation of Section 403(a) of ERISA, 29 U.S.C. § 1103(a);

   b. failed to ensure that the assets of the 401(k) Plan did not inure to the benefit of the employer, DMG, in violation of ERISA § 403(c), 29 U.S.C. § 1103(c).

   c. failed to discharge their duties with respect to the 401(k) Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the 401(k) Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

   d. failed to discharge their duties with respect to the 401(k) Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an

enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

e. failed to discharge their duties with respect to the 401(k) Plan solely in the interest of the participants and beneficiaries in accordance with the documents and instruments governing the 401(k) Plan in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

f. dealt with assets of the 401(k) Plan in their own interest for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1);

g. acted in transactions involving the 401(k) Plan on behalf of a party (or representing a party) whose interests are adverse to the interests of the 401(k) Plan or the interests of its participants or beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2);

h. caused the 401(k) Plan to engage in transactions that they knew or should have known constituted transfers to, or use by or for the benefit of, a party in interest, assets of the 401(k) Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

i. failed to file annual reports with the Secretary of Labor for the 401(k) Plan for plan years 2017 and 2018, in violation of ERISA § 103(a)(1)(A), 29 U.S.C. § 1023(a)(1)(A);

j. failed to discharge their duties with respect to the Dental Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of

    administering the Dental Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

k. failed to discharge their duties with respect to the Dental Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

l. dealt with assets of the Dental Plan in their own interest for their own account, in violation of ERISA § 406(b)(1); and

m. acted in transactions involving the Dental Plan on behalf of a party (or representing a party) whose interests are adverse to the interests of the Dental Plan on the interests of its participants or beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

n. caused the Dental Plan to engage in transactions that they knew or should have known constituted transfers to, or use by or for the benefit of, a party in interest, assets of the Dental Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

### **Prayer for Relief**

WHEREFORE, the Secretary prays that this Court enter an Order:

A.     Ordering Boyer and DMG, jointly and severally, to restore all losses caused to the 401(k) Plan, including interest owed and the cost of an independent fiduciary, which were caused by their fiduciary misconduct;

B.	Ordering the 401(k) Plan to set off any individual account balance of Boyer against the amount of losses, including interest owed, and the cost of an independent fiduciary resulting from his fiduciary breaches, as authorized by 29 U.S.C. § 1056(d)(4);

C.	Removing defendant DMG from its position as Plan Administrator of the 401(k) Plan and appointing an independent fiduciary to administer the 401(k) Plan in order to effectuate its termination and the distribution of 401(k) Plan assets to the participants and beneficiaries; and

D.	Ordering Boyer and DMG, jointly and severally, to restore all losses caused to the Dental Plan and its participants, including interest owed and the amount of unpaid claims, which were caused by their fiduciary misconduct;

E.	Permanently enjoining DMG and Boyer from acting as a fiduciary or service provider for any ERISA-covered employee benefits plans.

F.  Ordering such further relief as is appropriate and just.

| | |
|---|---|
| November 3, 2020 | **UNITED STATES DEPARTMENT OF LABOR** |
| Mailing Address: | Kate S. O'Scannlain<br>Solicitor of Labor |
| U.S. Department of Labor<br>1835 Market Street, Mailstop<br>SOL/22Philadelphia, PA 19103-2968 | Oscar L. Hampton III<br>Regional Solicitor |
| (215) 861-5165 (voice)<br>(215) 861-5162 (fax) | Jodeen M. Hobbs<br>Regional Counsel for ERISA |
| dalin.patrick@dol.gov | */s/ Patrick M. Dalin*<br>Patrick M. Dalin<br>Senior Trial Attorney<br>PA ID# 307701<br>NY ID# 5333851<br>dalin.patrick@dol.gov<br> (215) 861-5165 |
| | */s/ Ryma Lewis*<br>Ryma Lewis<br>Senior Trial Attorney<br>VSB No. 83322<br>lewis.ryma@dol.gov<br>(202) 693-9369 |